[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14359
Non-Argument Calendar
_____

D.C. Docket No. 4:14-cr-00008-MW-CAS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PORSCHA THOMAS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 6, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Porscha Thomas pleaded guilty to aiding and abetting the theft of public money in violation of 18 U.S.C. §§ 641 and 2, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The district court sentenced her to 45 months in prison and ordered her and her codefendant, Kenitra Gilmer, to jointly pay $86,402 in restitution to the Internal Revenue Service. Thomas appeals her convictions and the restitution order.

Thomas' first contention is that the district court erred in denying her motion to suppress evidence seized during a warrantless search of her rental car.[1] That denial presents a mixed question of law and fact for appeal. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003). We review only for clear error the fact findings that went into it, construing all facts in the light most favorable to the denial, while we review de novo the application of law to the facts. Id.

Thomas concedes that the initial traffic stop was justified, but contends that the officer lacked articulable suspicion to extend the length of the stop in order to conduct a dog sniff. A traffic stop "may not last any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity." Id. at 1106 (quotation marks omitted); see also Rodriguez v. United States, 575 U.S. __, 135 S. Ct. 1609, 1615 (2015) (holding that an officer may not

---

[1] Thomas attempts to incorporate by reference arguments made by Gilmer in her appeal, but there are none to incorporate because Gilmer's attorney filed an Anders brief. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

2

conduct checks unrelated to an otherwise lawful traffic stop "in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual").  The district court credited the testimony of Deputy Roy Haskell, who conducted the stop and search.  Haskell testified at the suppression hearing that the dog sniff was arranged and carried out because he had smelled marijuana coming from the rental car, Thomas was breathing heavily even though she was only the passenger, and Gilmer (the driver) and Thomas gave conflicting stories about where they were coming from.  The district court did not err in concluding that these facts gave rise to articulable suspicion that justified extending the traffic stop.  See Boyce, 351 F.3d at 1105–06.

Thomas also contends that the district court should have reduced the amount of restitution by the amount of the money she had already forfeited.  We review de novo the legality of a restitution order.  United States v. Edwards, 728 F.3d 1286, 1291 (11th Cir. 2013).  The Madison County Sheriff's Office seized $52,194 in cash that was found in Thomas' rental car.  That money was later administratively forfeited to the Madison County Sheriff's Office and to an entity known by the acronym "ICE."[2]  The district court did not err in declining to reduce the restitution

---

[2] The parties, the district court, and the presentence investigation report all agreed that 80% of the money that was forfeited went to the Madison County Sheriff's Office, and 20% went to "ICE."  They determined that ICE meant Immigration and Customs Enforcement.  Some ambiguity arises from  the fact that the officer who conducted the traffic stop was working for Interstate Criminal Enforcement, which also uses the acronym "ICE."  In the end, whether the forfeited money went to Immigration and Customs Enforcement or Interstate Criminal

order by $52,194 because regardless of where the forfeited money went, "a district court generally has no authority to offset a defendant's restitution obligation by the value of forfeited property held by the government."  United States v. Joseph, 743 F.3d 1350, 1354 (11th Cir. 2014).  Thomas has not pointed to any exception applicable to her case.

**AFFIRMED.**

---

Enforcement is irrelevant because the district court still lacks authority to offset a restitution order by the value of property forfeited.  See United States v. Joseph, 743 F.3d 1350, 1354 (11th Cir. 2014).